*1288 BARKETT, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority opinion’s af-firmance of the district court’s denial of Clay’s motion to suppress as well as his conviction for possession of at least 50 grams of cocaine and sentence under 21 U.S.C. § 841(b)(2)(A)(iii). I do not agree, however, that we should affirm Clay’s conviction for possession of a firearm in violation of 18 U.S.C. § 922(g)(1), because the government failed to meet its burden of producing evidence that would establish or even provide a reasonable inference, beyond a reasonable doubt, that the firearm in this case was in or affected interstate commerce. The sole piece of evidence introduced, the imprint on the revolver’s barrel, merely gives the name and address of the manufacturer without any indication of where the gun was actually made. I am aware of no case where this evidence, standing on its own, has been considered sufficient for establishing the interstate nexus. In each of the cases cited to by the majority wherein markings on the gun are sufficient, the imprints explicitly indicate that the gun was made or manufactured in another state or country. In the one case cited to by the majority where the gun’s imprint only indicated the manufacturer’s name and address, that evidence was found to be sufficient where it was corroborated by the testimony of an ATF expert, something that the government did not provide here. See United States v. Coleman, 22 F.3d 126 (7th Cir.1994). Moreover, in this case, no evidence was introduced disproving the possibility that the gun was manufactured at a plant in Georgia and never left the state. Accordingly, I believe that Clay’s firearm conviction must be reversed.